UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8039 FMO (Ex) | Date | October 26, 2015 |
|---|---|---|---|
| Title | Robert Jarvis v. Aramark Services, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Remanding Action

On August 21, 2015, Robert Jarvis ("plaintiff") filed a Complaint in the Los Angeles County Superior Court alleging state law claims for violation of (1) California Fair Employment Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, et seq., (2) defamation, and (3) wrongful termination in violation of public policy.  (See Notice of Removal ("NOR," Dkt. No. 1) at ¶ 1 & Exhibit ("Exh.") A ("Complaint") at ¶¶ 20-65). On October 13, 2015, defendants Aramark Services, Inc. and Aramark Refreshment Services, LLC ("defendants") removed the action on grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  (See NOR at ¶¶ 6-17 & 20-27).  Having reviewed the NOR, the declarations in support of the NOR, and defendants' exhibits, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8039 FMO (Ex) | Date | October 26, 2015 |
|---|---|---|---|
| Title | Robert Jarvis v. Aramark Services, Inc., et al. | | |

canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

Defendants removed the instant action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1] (NOR at ¶ 6). "Diversity is generally determined from the face of the complaint." Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir.), cert. denied, 479 U.S. 987 (1986). Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332. The amount of damages plaintiff seeks cannot be determined from the face of the Complaint, and defendants acknowledge that plaintiff "does not plead the amount of damages that he seeks[.]" (See NOR at ¶ 20; see, generally, Complaint). Rather, defendants assert that when considering all the types of relief plaintiff seeks, including general, special, and medical damages; loss of earnings; attorney's fees; and punitive damages, "the amount in controversy surely exceeds the jurisdictional minimum[.]" (NOR at ¶ 27; see id. at ¶¶ 20-26). However, defendants proffer no evidence that might help the court determine whether the relief plaintiff seeks would fulfill the amount in controversy requirement. (See, generally, id.; Declaration of Lilly Dorsa in Support of [Defendants'] Notice of Removal; Declaration of Patrina McDaniel in Support of [Defendants'] Notice of Removal). Defendants merely cite to the kinds of relief plaintiff seeks as proof, ipso

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8039 FMO (Ex) | Date | October 26, 2015 |
|---|---|---|---|
| Title | Robert Jarvis v. Aramark Services, Inc., et al. | | |

facto, that the amount would meet the amount in controversy requirement. (See NOR at ¶ 22-24). Such unsubstantiated assertions and rank speculation, untethered to any evidence, does not satisfy the amount in controversy requirement. See Gaus, 980 F.2d at 567 (remanding where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]") (internal quotation marks omitted) (emphasis in original).

Defendants also rely on the fact that plaintiff seeks attorney's fees, (see NOR at ¶ 25), and speculate that plaintiff may retain an attorney at the rate of $300 per hour for 250 hours ($300 x 250 hours = $75,000). (See id. at ¶ 26). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109 at *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendants provide no evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, NOR). Defendants have not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded under the circumstances here, that defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-8039 FMO (Ex)** | Date | **October 26, 2015** |
|---|---|---|---|
| Title | **Robert Jarvis v. Aramark Services, Inc., et al.** | | |

controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

00 : 00

Initials of Preparer     vdr